[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE DISCHARGE OF LIS PENDENS
The plaintiff brought this action for breach of a contract to sell real estate property owned by the defendants located at 26-2 Mount Archer Road, Lyme, Connecticut. The plaintiff at the time she filed her action also filed a lis pendens upon the property. The plaintiff claims that the property is unique in character and, therefore, is seeking specific performance of the contract.
The defendant has filed a motion to discharge the lis pendens claiming there is no probable cause to sustain the validity of the plaintiff's claim.
After a hearing, the court finds that the plaintiff presented sufficient evidence to establish probable cause.
The court finds, from the testimony of the parties and witness and certain exhibits filed with the court, that the plaintiff has established an agreement of sale between the parties.
The plaintiff signed a Sale and Purchase agreement dated August 13, 1993 prepared by the agent for the sellers, Westledge Real Estate. (Plaintiff's Exhibit 1.)
The defendants signed an acceptance of the offer with certain added conditions on August 15, 1993. (Plaintiff's Exhibit 2.) By letter dated August 15, 1993, the defendant "Bob" Stone wrote to Westledge sending it the acceptance of the offer and requesting that Westledge ask the plaintiff to respond by August 17, 1993. (Plaintiff's Exhibit 3.) The plaintiff signed the defendants' acceptance with its conditions on August 18, 1993 by writing the word CT Page 8242 "Agreed Anastasia Melodia August 18, 1993." (Plaintiff's Exhibit 4.)
On the evening of August 18, 1993, at a meeting of the wetlands commission, the plaintiff testified that Mr. Robert Stone agreed to extend the offer to sell until 6:00 p.m. on August 19, 1993. Both she and John Livingston testified that Mr. Stone agreed to extend the offer until 6:00 p.m. the next day August 19, 1993.
The plaintiff also testified that she incurred expenses of $1,900 to prepare materials for the meeting with the wetlands commission. She testified she would have not incurred this expense if she did not believe she had a binding contract, extended until 6:00 p.m. on August 19, 1993.
The defendant Robert Stone testified that he did not believe there was a contract. He also denied that he agreed to extend the time for acceptance until 6:00 p.m. August 19, 1993. He did not testify that he told the plaintiff that there was another buyer, nor that if he had another offer, he felt that he was free to accept it prior to 6:00 p.m. August 19, 1993.
Despite the foregoing, at 5:00 p.m. on August 19, 1993, Mr. Stone called Mr. Livingston and told him that he had accepted another offer for the property. Mr. Livingston testified that he told this to the plaintiff and then called Mr. Stone back and said we accept your counter offer dated August 15, 1993. (Plaintiff's Exhibit 2). Mr. Stone then told Mr. Livingston that he was withdrawing the counter offer.
Based upon the evidence presented at the hearing on October 4, 1993 before this court the court hereby denies the motion to discharge the lis pendens.
Hurley, J.